NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-904 |
| Plaintiff - Appellee, | D.C. No. 6:21-cr-00308-MC-1 |
| v. | |
| PEDRO VERGANZA, AKA Pedro Keny Verganza, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Submitted December 4, 2024**
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

A jury convicted Appellant Pedro Verganza ("Verganza") of one count of

possession with intent to distribute methamphetamine and one count of possession

with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(b)(1)(C). Prior to trial, Verganza filed a motion to suppress, which the district court denied after an evidentiary hearing. Verganza now appeals. We presume the parties are familiar with the underlying facts and discuss them only as required for context. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Verganza argues that the district court erred in denying his motion to suppress because (1) the officers lacked probable cause to seize him based on a tip from a confidential informant ("CI"), and (2) the subsequent search of the vehicle was unlawful. We review the denial of a motion to suppress de novo and the underlying factual findings for clear error. *United States v. Brobst*, 558 F.3d 982, 991 (9th Cir. 2009).

1. When "considering whether an informant's tip is sufficient to support a finding of probable cause or reasonable suspicion, a court must employ a 'totality-of-the-circumstances analysis' that takes into consideration the informant's 'veracity' or reliability and his 'basis of knowledge.'" *United States v. Rowland*, 464 F.3d 899, 907 (9th Cir. 2006) (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). Courts look to several factors to determine the reliability of an informant's tip, including whether: (1) the informant is known or anonymous; (2) the informant has a proven track record of reliability; (3) the informant discloses the basis for his knowledge of the tip; and (4) the tip contains predictive information that is corroborated by police observation. *Rowland*, 464 F.3d at 907–

08.

Here, the CI (1) was known, (2) had previously provided corroborated information about local and out-of-state drug dealers, (3) disclosed the basis of his knowledge to law enforcement, including the name and phone number of his contact, and (4) provided predictive information. As the district court noted, it is significant that law enforcement was able to corroborate details of the drug delivery in real time, as law enforcement could hear the conversation between the CI and his contact. Additionally, although the CI's criminal history includes some crimes of dishonesty, the circumstances of this case, including the CI's track record of providing corroborated information, sufficiently bolster his credibility to overcome these instances of dishonesty. *See United States v. Reeves*, 210 F.3d 1041, 1045 (9th Cir. 2000).

Under the totality of the circumstances, the information provided by the CI was reliable based on the *Rowland* factors. This is sufficient to establish probable cause to seize Verganza and the vehicle.

2. The district court found that Ms. Fiallos-Pena, the driver of the vehicle, and Verganza, the passenger, consented to the search of the vehicle after both were advised of their *Miranda* rights. The district court also found that "even if somehow the consent to the search of the vehicle was not voluntary, . . . the search was valid pursuant to an automobile exception." We agree as to both findings.

To establish the validity of consent to search, "the government bears the heavy burden of demonstrating that the consent was freely and voluntarily given." *United States v. Chan-Jimenez*, 125 F.3d 1324, 1327 (9th Cir. 1997). "Among the factors that tend to show a lack of voluntariness are: (1) the person was in custody; (2) the officer had his weapon drawn; (3) the officer failed to administer *Miranda* warnings; (4) the officer did not inform the person of his right to refuse to consent; and (5) the person was told that a search warrant could be obtained." *Id.* These factors, however, are not dispositive: "[w]hether consent to search was voluntarily given or not is 'to be determined from the totality of all the circumstances.'" *Id.* (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)).

We will "not disturb a district court's determination that a person's consent to search was voluntary unless that determination was clearly erroneous." *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326–27 (9th Cir. 1997) (citing *United States v. Koshnevis,* 979 F.2d 691, 694 (9th Cir. 1992)).

Here, although both Fiallos-Pena and Verganza were in custody at the time they provided consent, no weapons were directed toward them, and they were both read their *Miranda* rights. The record is silent as to whether Fiallos-Pena and Verganza were told they could refuse consent or if they were informed a warrant could be obtained. Nonetheless, this is sufficient to support a finding of consent as "[i]t is not necessary to check off all five factors . . .." *United States v. Patayan*

*Soriano*, 361 F.3d 494, 502 (9th Cir. 2004). Additionally, there is no indication from the record that the consent was in any way coerced, that Fiallos-Pena and Verganza ever felt pressured to provide consent, or that the officers acted improperly when seeking consent.

Because Fiallos-Pena and Verganza consented, the search here was lawful, and the district court did not err in denying the motion to suppress on that basis. *See Katz v. United States,* 389 U.S. 347, 358 n.22 (1967) ("A search to which an individual consents meets Fourth Amendment requirements.").

We also agree with the district court that even absent consent from Fiallos-Pena and Verganza, the search was lawful pursuant to the automobile exception. A "warrantless search of an automobile stopped by police officers who had probable cause to believe the vehicle contained contraband" does not violate the Fourth Amendment. *United States v. Ross*, 456 U.S. 798, 799 (1982) (citing *Carroll v. United States*, 267 U.S. 132 (1925)). As discussed above, the officers had probable cause to seize Verganza and the vehicle based on a reliable tip from a CI, corroborated by the observations of officers on scene, that the vehicle was delivering methamphetamine and heroin. Because there was probable cause to believe the vehicle contained contraband, the officers were permitted to search the vehicle and containers therein. *United States v. Camou*, 773 F.3d 932, 941 (9th Cir. 2014) ("Under the vehicle exception, officers may search a vehicle and any

containers found therein without a warrant, so long as they have probable cause.").

**AFFIRMED.**